COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:          Katrina Marie Weibel v. Nicholas Jay Streeby

Appellate case number:    01-18-00058-CV

Trial court case number:    16-1394-F425

Trial court:                        425th District Court of Williamson County

Appellant, Katrina Marie Weibel, has filed a notice of appeal of the trial court's order in a suit affecting the parent-child relationship. On February 27, 2018, court reporter Lynette Thorpe filed a ten-volume reporter's record. After appellant filed her supplemental request for a reporter's record, we directed Lynette Thorpe, court reporter, Teresa Hall, or substitute court reporter, to file in this Court (1) the following reporter's records as requested by appellant or (2) an information sheet notifying the Clerk of this Court as to the availability of such reporter's records:

   (1)    "5/20/2016's records, in relation to" the "Motion to Withdraw," "Petition for Ex Parte Writ," "Writ of Attachment," and "Further Temporary Order";

   (2)    "9/6/2017 & 9/7/2016's records, in relation to" the "Further Temporary Orders," and "Protective Order";

   (3)    "7/6/2016 Hearing."

In response, Lynette Thorpe filed a "Supplemental Transcript of Proceedings" of a July 7, 2016 hearing, and Teresa Hall filed a reporter's record of a September 7, 2016 hearing.

Lynette Thorpe also notified the Clerk of this Court that "[o]n 09/06/17, [she] was not working in the 425th and [is] unaware as to who the reporter was" and "[o]n 5/20/16, the court reporter was Sherri Linder." We then directed Sherri Linder, the court reporter of the 425th District Court, or substitute court reporter to file in this Court (1) the "5/20/2016's records" and "9/6/2017 . . . records," as set out above or (2) an information sheet notifying the Clerk of this Court as to the availability of such reporter's records by August 23, 2018. On September 5, 2018, Sherri Linder filed a reporter's record of the May 20, 2016 hearing, "Motion to Withdraw/Motion for Issuance of Writ of Attachment/Motion for Further Temporary Orders." And, she notified the Clerk of this

Court that she "was not the reporter on 9/6/17." To date, we have not received a response regarding a reporter's record of any hearing on September 6, 2017. And, appellant has filed a motion "request[ing] the court to resolve the issue." The motion is **granted**.

Texas Rule of Appellate Procedure 34.6(f) provides that, in certain circumstances, an appellant is entitled to a new trial when the reporter's record is lost or missing. TEX. R. APP. P. 34.6(f); *see Morris v. Aguilar*, No. 03-08-00022-CV, 2013 WL 1831457, at *1 (Tex. App.—Austin Apr. 26, 2013, no pet.) (mem. op.). Accordingly, we **abate** the appeal and **remand** the case to the trial court. The trial court is directed to conduct a hearing to:

1) determine whether any hearing on September 6, 2017 was stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of any testimony, argument, or other proceedings;

2) determine whether appellant timely requested a reporter's record of any hearing held on September 6, 2016;

3) determine whether, without appellant's fault, any record of a September 6, 2017 hearing has been lost or destroyed or—if the proceedings were electronically recorded—a significant portion of any recording has been lost or destroyed or is inaudible;

4) determine whether any lost, destroyed, or inaudible portion of the record is necessary to the appeal's resolution; and

5) determine whether the parties can agree on the replacement of any lost, destroyed, or inaudible portions of the record

*See id.* The trial court shall make appropriate findings of fact and conclusions of law with regard to these issues.

The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and conclusion and any orders with the Clerk of this Court within 30 days of the date of this order. The court reporter is directed to file a reporter's record of the hearing within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket.

Judge's signature: /s/ Russell Lloyd
☑ Acting individually    ☐ Acting for the Court

Date: September 11, 2018